UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DZIYANA EISENBAND,
individually and on behalf of all
others similarly situated,   **CLASS ACTION**

    Plaintiff,   **JURY TRIAL DEMANDED**

v.

BPCL MANAGEMENT, LLC f/k/a
BAHAMAS PARADISE CRUISE LINE, LLC d/b/a
BAHAMA ISLAND CRUISES,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Dziyana Eisenband, brings this class action against Defendant BPCL Management, LLC f/k/a Bahamas Paradise Cruise Line, LLC d/b/a Bahama Island Cruises, and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.    This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2.    In 2017, the Federal Trade Commission ("FTC") received 7,157,370 consumer complaints regarding unsolicited "robocalls," *an increase of almost 2 million from the prior year*.[1] Despite efforts by the FTC, the Federal Communications Commission ("FCC"), and even telephone

---

[1] *See* https://www.ftc.gov/policy/reports/policy-reports/commission-staff-reports/national-do-not-call-registry-data-book-fy-2.

carriers, unscrupulous companies continue to violate the TCPA because they are simply unable to resist the temptation of exploiting a direct line of communication to new consumers.

3. Such was the case here. Defendant – the marketing arm for the owner operators of the M/S Grand Celebration cruise ship – engaged in a wide-scaling telemarketing campaign consisting of prerecorded calls to the cellular telephones of Plaintiff and others, without their prior express written consent.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal

jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has sent the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

## PARTIES

7.  Plaintiff is a natural person who, at all times relevant to this action, was a resident of Palm Beach County, Florida.

8.  Defendant is a Florida limited liability company with its principal place of business located at 2419 E. Commercial Blvd., Suite 100, Fort Lauderdale, FL 33308.  Defendant is the marketing and shore side personnel management company for the M/S Grand Celebration cruise ship. Defendant directs, markets, and provides its business activities throughout the State of Florida.

## THE TCPA

9.  The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

10.  The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11.  In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012)(emphasis supplied).

14. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

15. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

16. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

17. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

18. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

19. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

20. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

21. As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude

5

of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTS

22. On January 13, 2018 at 11:58 a.m., Defendant transmitted a prerecorded call to Plaintiff's telephone number ending in 6997 (the "6997 Number").

23. The call originated from telephone number 609-369-6620, a spoofed number owned and/or operated by Defendant.

24. In placing the call, Defendant used "neighbor spoofing," a new form of number spoofing that attempts to match the recipients' telephone number to trick the recipient into answering the call.

25. The prerecorded message transmitted to Plaintiff's cellular telephone constitutes telemarketing because the ultimate purpose was to promote Defendant's services and/or the M/S Grand Celebration.

26. To determine who was harassing her, Plaintiff pressed a number as instructed in the prerecorded prompt. She was connected to a live operator who directed Plaintiff to www.bahamaislandcruises.com/privacy-policy, a website owned and/or operated by Defendant.

27. Plaintiff received the subject call within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded calls to be sent to the cellular telephones of individuals residing within this judicial district.

28. At no point in time did Plaintiff provide Defendant with her express consent to be

contacted using an artificial or prerecorded voice.

29. Plaintiff has never had any type of relationship with Defendant.

30. Plaintiff is the subscriber and sole user of the 6997 Number.

31. Defendant's call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

33. Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.**

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

35. Upon information and belief, Defendant has placed prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time

and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

37. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made telemarketing calls to Plaintiff's and Class members' cellular telephones using an artificial or prerecorded voice;
>
> (2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;
>
> (3) Whether Defendant's conduct was knowing and willful;
>
> (4) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate

representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

43. Plaintiff incorporates and re-alleges by reference paragraphs 1-42 as if fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

45. Defendant – or third parties directed by Defendant – transmitted prerecorded calls to the cellular telephone numbers of Plaintiff and members of the putative class.

46. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

47. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

48. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

49. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

50. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Dziyana Eisenband, on behalf of herself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express written consent of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of the calls as alleged herein.

Date:  February 18, 2018

Respectfully submitted,

| HIRALDO P.A. | SHAMIS & GENTILE, P.A. |
|---|---|
| | Andrew J. Shamis |
| /s/ Manuel S. Hiraldo | Florida Bar No. 101754 |
| Manuel S. Hiraldo, Esq. | ashamis@shamisgentile.com |
| Florida Bar No. 030380 | 14 NE 1st Avenue, Suite 400 |
| 401 E. Las Olas Boulevard | Miami, Florida  33132 |
| Suite 1400 | (t) (305) 479-2299 |
| Ft. Lauderdale, Florida 33301 | (f) (786) 623-0915 |
| mhiraldo@hiraldolaw.com | |
| Telephone: 954.400.4713 | *Counsel for Plaintiff and the Class* |
| | |
| *Counsel for Plaintiff and the Class* | |